FILED

2017 MAR -2 PM 12: 50

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

ROBERT APPLEGATE,
Plaintiff,

vs.

Case No.: 2:17-cv-130-FtM-99MRM

LIBERTY LIFE ASSURANCE
COMPANY OF BOSTON,
Defendant.
______________________/

**COMPLAINT FOR LONG-TERM DISABILITY BENEFITS**

Comes now the Plaintiff, Mr. Robert Applegate, through his counsels Carol Avard, Esq., Douglas D. Mohney, Esq., and Mark Zakhvatayev, Esq., of Avard Law Offices, P.A., and for his cause of action against the Defendant, Liberty Life Assurance Company of Boston (hereinafter referred to as "Liberty Life" or "Defendant"), states and alleges as follows:

**Nature of the Case**

1. Plaintiff brings this civil action against the Defendant. The lawsuit seeks to recover benefits based on the Long-Term Disability policy, and to redress other fiduciary breaches, pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*

**Parties**

2. Plaintiff, Robert Applegate, is a citizen of the State of Florida and resides in Lee County, Florida. His date of birth is September 12, 1961.

3. Defendant, Liberty Life, is a foreign corporation engaged in the business of insurance in Lee County, Florida.

4. Defendant is the claims administrator of the Long-Term Disability Plan.

**Jurisdiction and Venue**

5. This court has subject matter jurisdiction over this action based on ERISA § 502(e)(1), (f), 29 U.S.C. § 1132(e)(1), and 28 U.S.C. § 1331.

6. Personal jurisdiction exists over the Defendant because the alleged breach occurred in this District, and the Defendant maybe found in this District, per ERISA § 502(e)(2); 29 U.S.C. § 1132(e)(2).

7. Personal jurisdiction is also proper over the Defendant pursuant to Fed. R. Civ. P. 4(e)(1), (e)(2)(C), because the Defendant engages in systematic and continuous business activities within this state.

8. Venue in this Court is proper because the alleged breaches occurred in this district and the Defendant maybe found in this district. 29 U.S.C. § 1132(e)(2).

9. Venue is also proper under 28 U.S.C. § 1391(b).

**Facts**

10. The preceding paragraphs are incorporated by reference as though fully stated here.

11. At all times material to this action, Defendant operated under an inherent structural conflict of interest because of Defendant's dual role as the administrator of claims and the insurance company paying benefits out of its assets.

12. Plaintiff was employed with Parker Hannifin Corporation. As such he was an eligible participant of the long-term disability policy at all times material to the present action.

13. The purpose of the long-term disability was to provide the Plaintiff with a monthly benefit if he became disabled.

14. In relevant part, the Long-Term Disability ("LTD") Plan, contains the following requirements concerning the finding of disability:

> During the first two years after you qualify for LTD benefits, you are considered to have a qualifying disability if your medical condition prevents you from performing the essential functions of your occupation, even with job accommodations Parker makes for you. This means you are unable to perform the functions normally required of your occupation in the national economy.
> After two years of eligibility for LTD benefits, your disability is considered to be a qualifying disability only if you are unable to perform the essential functions of your occupation or any other occupation for which you are or could, with minimal training, become qualified. In determining if you are able to engage in any other occupation, the claims administrator considers your:
>
> - Education (level and type of education required to perform the occupation),
> - Training (fully trained or only in need of the training normally provided to a qualified individual entering this position as a new hire or internal transfer),
> - Experience (relevant work experience that equals or exceeds the occupation requirements), and
> - Medical ability (ability to perform the essential functions of the occupation with, or without, reasonable accommodation).

15. Defendant initially approved the Plaintiff's benefits under the Long-Term Disability Plan, finding that the Plaintiff is eligible for LTD benefits since March 28, 2013.

16. On February 11, 2015, Defendant determined that the Plaintiff is no longer disabled within the meaning of the Plan and that benefits are not payable beyond March 27, 2015.

17. The Plaintiff subsequently requested a reconsideration of the Long-Term Disability denial.

18. On November 5, 2015, Defendant issued its final denial denying the Plaintiff's request for reconsideration of the LTD claim. Defendant notified the Plaintiff that if he

disagrees with the denial, he may make a written request to Liberty Life Assurance Company of Boston within 60 days.

19. On January 4, 2016, and January 14, 2016, the Plaintiff faxed Defendant letters stating that he would like 10 additional days to submit additional information from the Plaintiff's treating physician Richard Hood, M.D. Defendant denied the requests in letters sent by mail on January 13, 2016, and January 15, 2016, stating that Parker Hannifin Corporation, the self-insured Plan Sponsor, will not permit an extension.

20. On January 29, 2016, the Plaintiff sent the Defendant a letter with evidence from Dr. Hood, requesting that Defendant reopen the claim in light of the additional evidence provided by Dr. Hood. Defendant, once again, refused to consider the evidence and would not reopen the claim.

21. The Plaintiff has a history of lumbar disc surgery, suffers from lumbosacral neuritis and spondylosis, chronic pain disorder. He has to use a spinal cord stimulator and takes chronic pain medication which interfere with his mentation. Besides pain, he suffers from muscle weakness and walks with an antalgic gait. He uses a cane to ambulate.

22. Both Alan Tannenbaum, M.D., who examined the Plaintiff in 2015, and the Plaintiff's treating physician, Richard Hood, M.D., opined that the Plaintiff could not perform even sedentary work. In addition, Dr. Hood indicated that the Plaintiff would require a 5 minute break for every 10 minutes of work. These limitations would significantly interfere with productivity and would preclude even sedentary work. Thus, the Plaintiff is disabled under the Long-Term Disability Plan.

23. The denial of the Plaintiff's Long-Term Disability was a breach of the Long-Term Disability Plan, and the decision was wrong, arbitrary, capricious, unreasonable, made in bad faith, and unsupported by preponderance and substantial evidence.

24. The Plaintiff exhausted his administrative appeal remedies.

**Count I – Claim for Long-Term Disability Benefits, ERISA § 502(a)(1)(B)**

25. The preceding paragraphs are incorporated by reference as though fully stated here.

26. ERISA § 502(a)(1)(B) and 29 U.S.C. § 1132(a)(1)(B) provide that "[a] civil action may be brought by a participant or beneficiary to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."

27. Plaintiff is and was disabled under the terms of the Plan and is entitled to benefits under the Plan.

28. Defendant denied benefits to which the Plaintiff is entitled under the Plan.

29. The decision to deny benefits was wrong, arbitrary, capricious, unreasonable, made in bad faith, and unsupported by preponderance and substantial evidence.

30. Plaintiff prays for a judicial determination to recover benefits under the Plan, enforce his rights under the Plan, and to clarify his rights for future benefits under the Plan.

31. Plaintiff also seeks prejudgment interest (per ERISA § 502(a)(3), costs, and attorney fees pursuant to ERISA § 502(g).

**Count II—Appropriate Equitable Relief and Injunction, ERISA § 502(a)(3).**

32. The preceding paragraphs are incorporated by reference as though fully stated here.

33. Defendant violated ERISA as noted in Counts I and II above.

34. ERISA § 502(a)(3)(B) provides: "A civil action may be brought by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain appropriate equitable relief (i) to redress such violation or (ii) to enforce any provisions of this subchapter or the terms of the plan."

35. Plaintiff seeks an order pursuant to ERISA § 502(a)(3)(B) enjoining Defendant from violating ERISA, and affirmatively ordering the Defendant to comply with ERISA, and costs and attorney fees for prosecuting this action.

**Count IV – Attorney's Fees under 29 U.S.C. § 1132(g)(1)**

36. The preceding paragraphs are incorporated by reference as though fully stated here.

37. To the extent that Plaintiff violated any provisions of Subchapter I of Title 29, Chapter 18 of the United States Code, Plaintiff is entitled to reasonable attorneys fees and costs under 29 U.S.C. § 1132(g)(1).

**Requested Relief**

38. Defendant is liable for Plaintiff's unpaid long-term disability plus interest and reinstatement of these benefits.

39. Defendant is liable for attorney fees and costs of litigation.

40. Defendant is liable to place the Plaintiff in the position he would have enjoyed under the policies had he not been wrongfully denied benefits by Defendant.

**Conclusion and Prayer for Relief**

WHEREFORE, the Plaintiff prays for a judgment against the Defendant as plead herein and for such other relief as the Court deems just and proper.

Respectfully submitted,

BY:

s/ Carol Avard
Carol Avard, Esq
Attorney for Plaintiff
Post Office Box 101110
Cape Coral, FL 33910
FL Bar No. 0834221
Tel. (239) 945-0808
Email: cavard@avardlaw.com

/s Douglas D. Mohney
DOUGLAS D. MOHNEY
Attorney for Plaintiff
FL Bar No. 997500
Avard Law Offices, PA
PO Box 101110
Cape Coral, FL 33910
Telephone: (239) 945-0808
Email: ddmohney@avardlaw.com

/s Mark Zakhvatayev
Mark Zakhvatayev, Esq
Attorney for Plaintiff
Post Office Box 101110
Cape Coral, FL 33910
FL Bar No. 0086609
Telephone: (239) 945-0808
Email: mvzesq@avardlaw.com