UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROBERT APPLEGATE,

    Plaintiff,

v.                                                    Case No:   2:17-cv-130-FtM-99MRM

LIBERTY LIFE ASSURANCE
COMPANY OF BOSTON and PARKER
HANNIFIN CORPORATION,

    Defendants.
_____/

## ORDER

This action was brought under the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq*. Pending before the Court are Plaintiff's and Defendant Liberty Life Assurance Company of Boston's ("Liberty Life") Motion to Determine the Appropriate Standard of Review (Docs. 23-24) filed on July 14, 2017.[1] Plaintiff Robert Applegate requests that the Court find that a *de novo* standard of review applies in this action to review the denial of his long-term disability ("LTD") benefits. (Doc. 24 at 1). Alternatively, Liberty Life moves the Court to establish "arbitrary and capricious" as the appropriate standard of review. (Doc. 23 at 1). Both Plaintiff and Liberty Life filed responses (Docs. 25-26) on August 1, 2017. This matter is ripe for review. For the reasons discussed herein, the Court finds that arbitrary and capricious is the appropriate standard of review to apply in this action to review the denial of Plaintiff's LTD benefits.

---

[1] Parker Hannifin Corporation was not a party to this suit at the time the Motions *sub judice* were filed. Parker Hannifin Corporation was added by Plaintiff as a co-defendant in Plaintiff's Amended Complaint for Long-Term Disability Benefits. (*See* Doc. 29).

**I.      Background**

Plaintiff was employed by Parker Hannifin Corporation ("Parker Hannifin") and participated in Parker's Hannifin's Long Term Disability Plan (the "Plan"). (Doc. 29 at ¶ 15; Doc. 23 at 2). Parker Hannifin is the Plan Administrator and is the entity responsible for providing funds to pay any LTD claims approved under the Plan. (Doc. 32 at ¶ 13; Doc. 35 at ¶ 13; AR at 843).[2] Liberty Life is the claims administrator for the LTD Plan and is responsible for managing claims for LTD benefits. (Doc. 24 at 2; AR at 116, 802, 843, 846).

Liberty Life originally approved LTD benefits for Plaintiff from March 28, 2013 through March 27, 2015. (Doc. 29 at ¶¶ 18-19; Doc. 32 at ¶ 18, Doc. 35 at ¶ 18). On February 11, 2015, however, Liberty Life informed Plaintiff that he was not eligible to receive LTD benefits beyond March 27, 2015. (Doc. 29 at ¶ 19; Doc. 32 at ¶ 19, Doc. 35 at ¶ 19; *see also* AR at 156-159). On August 6, 2015, Plaintiff appealed Liberty Life's decision regarding his LTD benefits. (AR at 66; *see also* Doc. 29 at ¶ 20). On November 5, 2015, Liberty Life notified Plaintiff of its decision to uphold the denial of Plaintiff's LTD benefits. (AR at 66; *see also* Doc. 29 at ¶ 21).

Notwithstanding the denial, Liberty Life outlined the process for an additional appeal in the decision letter, which process required Plaintiff to submit a written request and any additional information pertinent for review to Liberty Life within sixty (60) days. (AR at 70; *see also* Doc. 29 at ¶ 22). On January 4, 2016, Plaintiff's counsel sent Liberty Life a letter requesting a ten (10) day extension. (AR at 64; Doc. 25 at 2; Doc. 26 at 1). On January 13, 2016, Liberty Life informed Plaintiff's counsel that Parker Hannifin would not permit the extension. (AR at 47; *see also* Doc. 25 at 2). On January 14, 2016, Plaintiff's counsel again requested an extension of

---

[2] The Administrative Record is filed with the Court under seal at Docket Entry 22. The Court refers to the Administrative Record herein as "AR."

2

time. (AR at 48-49; *see also* Doc. 29 at ¶ 22). The next day, on January 15, 2016, Liberty Life responded, informing Plaintiff's counsel once again that Parker Hannifin would not permit the extension. (AR at 45; *see also* Doc. 29 at ¶ 22). On January 29, 2016, Plaintiff's counsel sent a letter to Liberty Life requesting reconsideration of Plaintiff's claim and enclosing medical records from Plaintiff's physician. (AR at 37-43; Doc. 25 at 3; *see also* Doc. 29 at ¶ 23). On February 2, 2016, Liberty Life informed Plaintiff's counsel that it was unable to review Plaintiff's claim for LTD benefits further because Plaintiff "failed to properly exhaust his administrative right of appeal." (AR at 37-43; Doc. 25 at 3; *see also* Doc. 29 at ¶ 23). Plaintiff filed the present action in response. (*See* Doc. 1).

## II. Legal Standard

The current Motions (Docs. 23-24) seek to determine the appropriate standard of review for this ERISA action. ERISA does not provide a standard of review for courts to review the benefits decisions of plan administrators or fiduciaries. *Blankenship v. Metro. Life Ins. Co.*, 644 F.3d 1350, 1354 (11th Cir. 2011) (citing *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 109 (1989)). As a result, the Supreme Court established two different standards of review depending upon the level of discretion afforded to the plan administrator under the terms of a plan. *See Firestone*, 489 U.S. at 115; *see also Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105, 116-117 (2008).[3] Specifically, the Court held that that a denial of benefits "is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary

---

[3] Previously, there was a third "heightened arbitrary and capricious" standard of review, but this was "implicitly overruled" by the Supreme Court in *Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105 (2008). *See Doyle v. Liberty Life Assurance Co. of Bos.*, 542 F.3d 1352, 1359 (11th Cir. 2008). After *Glenn*, "the existence of a conflict of interest should merely be a factor for the district court to take into account when determining whether an administrator's decision was arbitrary and capricious." *Id*. at 1360.

authority to determine eligibility for benefits or to construe the terms of the plan." *Id.* If the plan, however, gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan, then a denial of benefits is reviewed under an arbitrary and capricious standard. *See id.*

Based on the Supreme Court's guidance in *Firestone* and *Glenn*, the Eleventh Circuit developed a multi-step framework to guide courts in reviewing an ERISA plan administrator's benefits decisions. *See Blankenship*, 644 F.3d at 1354. The steps are as follows:

> (1) Apply the de novo standard to determine whether the claim administrator's benefits-denial decision is "wrong" (*i.e.*, the court disagrees with the administrator's decision); if it is not, then end the inquiry and affirm the decision.
>
> (2) If the administrator's decision in fact is "de novo wrong," then determine whether he was vested with discretion in reviewing claims; if not, end judicial inquiry and reverse the decision.
>
> (3) If the administrator's decision is "de novo wrong" and he was vested with discretion in reviewing claims, then determine whether "reasonable" grounds supported it (hence, review his decision under the more deferential arbitrary and capricious standard).
>
> (4) If no reasonable grounds exist, then end the inquiry and reverse the administrator's decision; if reasonable grounds do exist, then determine if he operated under a conflict of interest.
>
> (5) If there is no conflict, then end the inquiry and affirm the decision.
>
> (6) If there is a conflict, the conflict should merely be a factor for the court to take into account when determining whether an administrator's decision was arbitrary and capricious.

*Id.* at 1355 (citing *Capone v. Aetna Life Ins. Co.*, 592 F.3d 1189, 1195 (11th Cir. 2010)).

With this framework in mind, the Court addresses the parties' arguments below.

### III. Discussion

As indicated above, the Court must determine whether the *de novo* or arbitrary and capricious standard of review is appropriate to review the denial of Plaintiff's claim for LTD

4

benefits. To make this determination, the Court looks "to the plan documents to determine whether the plan documents grant the claims administrator discretion to interpret disputed terms. If the court finds that the documents grant the claims administrator discretion, then . . . the court applies arbitrary and capricious review." *HCA Health Servs. of Ga., Inc. v. Emp'rs Health Ins. Co.*, 240 F.3d 982, 993 (11th Cir. 2001), *overruled on other grounds by Doyle v. Liberty Life Assurance Co. of Bos.*, 542 F.3d 1352 (11th Cir. 2008).

> In this case, the Plan expressly states:
>
> Parker, as Plan Administrator and named fiduciary of the Plan within the meaning of Section 402(a)(1) of ERISA . . . may exercise its discretion to: [m]ake rulings, [i]nterpret the Plan, [s]et procedures, [g]ather needed information, [r]ecieve and review financial information, [e]mploy or appoint individuals to assist in any administrative function, and [g]enerally do all other things that need to be handled in administering the Plan.
>
> Parker as Plan Administrator has any and all powers of authority, necessary or appropriate to enable it to carry out its duties under the Plan, including but not limited to: . . . [f]ull discretionary authority and control with respect to the management and interpretation of the Plan.
>
> Parker as Plan Administrator has final discretionary authority for determining who is eligible to participate in a Program. However, each Program under the Plan has a claims administrator that is responsible for the general administration of that segment of the Plan, such as processing claims and determining the amount of the benefit in accordance with the Plan terms. In addition, each Program has a claims fiduciary that has discretionary authority to make final decisions on claims for benefits and appeals of denied claims.

(AR at 843). Under the Plan, "[b]enefits are administered by and claims are filed with the claims administrators and service providers." (AR at 844). Liberty Life is the designated claims administrator for Parker Hannifin's LTD Program. (AR at 846). Indeed, the Plan documents expressly state that "Liberty Life Assurance Company of Boston is the claims administrator for the LTD Program and has final discretionary authority for determining claims under the Plan." (AR at 802).

As stated above, "a denial of benefits . . . is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits to construe the terms of the plan." 489 U.S. at 115. Here, the Plan documents expressly vest discretionary authority in Liberty Life as the claims administrator to "determin[e] claims under the Plan." (AR at 802, 843, 846). In fact, in responding to Liberty Life's Motion, Plaintiff appears to concede that the Plan vests Liberty Life discretion, stating "Defendant chose not to exercise the discretion given to it by the Plan." (Doc. 26 at 2). Thus, because the Plan expressly gives Liberty Life – as the claims administrator – the discretionary authority to determine LTD claims, the arbitrary and capricious standard of review should apply in this action absent some exception. *See HCA Health Servs.*, 240 F.3d at 993.

Notwithstanding the clear language of the Plan documents, Plaintiff argues that "*Firestone* may not apply where the plan administrator who has been granted discretion decides not to exercise it." (Doc. 24 at 1 (citing *Otero v. Unum Life Ins. Co. of Am.*, 226 F. Supp. 3d 1242 (N.D. Ala. 2017); *Nichols v. Prudential Ins. Co. of Am.*, 406 F.3d 98 (2d Cir. 2005))). Plaintiff argues that the *de novo* standard is appropriate here because Liberty Life "chose not to exercise the discretion given to it by the Plan on an aspect critical to the outcome of the case, and instead, followed the directions of the Plan Sponsor and refused to consider the Plaintiff's appeal." (Doc. 26 at 2). As such, Plaintiff argues that Liberty Life "did not have final discretion in administering the Plan." (*Id.*). Accordingly, Plaintiff argues that, "[c]ontrary to the statement in the Plan, [Liberty Life] did not have final discretion in administering the Plan and operated under the conflict of interest." (Doc. 24 at 2).

In response, Liberty Life argues that the arbitrary and capricious standard of review is appropriate. (Doc. 25 at 2-5). Liberty Life contends that the plain language of the Plan vests it

6

with the final discretionary authority. (*Id.* at 2). Liberty Life argues that, "[p]ursuant to this plain spoken authority, [it] completed a thorough review of Plaintiff's eligibility for benefits and determined that Plaintiff was not eligible for benefits." (*Id.*). Liberty Life maintains that it, not Parker Hannifin, "exercised the discretion to maintain the discontinuation of Plaintiff's long term disability benefits." (*Id.* at 1).

Additionally, Liberty Life argues that the *Otero* and *Nichols* cases cited by Plaintiff are materially distinguishable because "[b]oth cases apply the de novo standard of review in the limited circumstance where the 'deemed exhausted' exception is applied to excuse a plaintiff's failure to exhaust administrative remedies due to the plan administrator's failure to comply with ERISA regulations." (*Id.* at 4 (citing *Otero*, 226 F. Supp. 3d at 1262-64; *Nichols,* 406 F.3d at 109)). Liberty Life argues that "[t]here is no such allegation here that the claims administrator failed to proceed correctly" and that "it is Plaintiff, not Defendant, who failed to comply with pre-suit administrative procedure." (*Id.* at 5). Liberty Life contends that, because Plaintiff failed to appeal timely, its decision to deny Plaintiff's benefits remains in effect. (*Id.* at 4-5).

As noted above, Plaintiff cites two cases, *Otero* and *Nichols*, in support of his contention that *de novo* is the appropriate standard of review to apply in this action. (*Id.*). Upon review, however, *Otero* and *Nichols* are distinguishable from the case at hand.

Specifically, in *Otero v. Unum Life Insurance Company of America*, the court found that the *de novo* standard of review was appropriate when the "deemed exhausted" exception was applied. 226 F. Supp. 3d at 1261-65. The "deemed exhausted" exception allows a plaintiff to pursue remedies other than those afforded in the plan, including filing suit, when a plan administrator fails to comply with ERISA regulations. *See id.* at 1261. In *Otero*, the plan granted discretion to the defendant to determine the plaintiff's eligibility for benefits, but the

7

defendant did not exercise that discretion. *Id.* at 1261. In fact, the defendant did not respond to the plaintiff's letter submitting a claim for disability benefits at all and never made a determination of the plaintiff's claim before the plaintiff filed suit more than four months later. *Id.* The court found that the defendant "did not follow ERISA claims-procedures on timely determinations on claims, which gives the plan administrator only 45 days to act on a claim, unless the administrator properly extends that time period." *Id.* (citing 29 C.F.R. §§ 2560.503–1(f)(3), 2560.503–1(g)(1)). In light of this failure, the court ultimately concluded that "if plan administrators comply with the regulation, they receive the benefit of the exhaustion requirement and the deferential standard of review." *Id.* at 1265. If they do not comply – like the defendant in *Otero* – then plan administrators "lose the benefit of the deferential review, but still have to pay the claim only if it meritorious." *Id.* at 1265.

Similarly, in *Nichols v. Prudential Insurance Company of America*, the Second Circuit determined that the claimant's case should be reviewed *de novo* when his claim was "deemed denied" based on the plan administrator's failure to comply with the ERISA regulatory deadlines. 406 F.3d at 109-10.[4] In *Nichols*, the court refused to give deferential review without an actual exercise of discretion by the insurance company. *Id.* at 109. Indeed, the court noted that a "deemed denied" claim is not denied by any exercise of discretion, but by operation of law when the plan administrator does not comply with the regulatory deadlines after the appeal is requested. *See id.* Under those circumstances, the court held that "a 'deemed denied' claim is entitled to de novo review." *Id.*

---

[4] The court in *Nichols* dealt with a prior version of the ERISA regulations. *See* 406 F.3d at 101 at n.1. The "deemed denied" language has been replaced with the "deemed exhausted" language. *See Otero*, 226 F. Supp. 3d at 1261 n.1. This distinction, however, is immaterial to the present analysis.

8

The present action materially differs from *Otero* and *Nichols* in two critical respects. First, Plaintiff has not alleged that Liberty Life failed to follow the ERISA regulations. In both *Otero* and *Nichols*, it was the plan administrator's failure to comply with the ERISA regulations that led to the application of the *de novo* standard of review. *See Nichols*, 406 F.3d at 109-10; *Otero*, 226 F. Supp. 3d at 1261-65. Here, however, Plaintiff has not alleged nor has he demonstrated that Liberty Life failed to follow any ERISA regulations.

Second, unlike *Otero* and *Nichols*, it appears that Liberty Life actually exercised its discretion under the Plan. In both *Otero* and *Nichols*, the courts determined that the plan administrators did not actually exercise any discretion because they failed to act *at all* before the regulatory deadlines. *See Nichols*, 406 F.3d at 109-10; *Otero*, 226 F. Supp. 3d at 1261-65. In this action, however, Liberty Life actually used the discretion afforded to it by the Plan and determined that Plaintiff was no longer eligible for LTD benefits. (*See* AR at 156-159). Because Liberty Life actually used the discretion afforded to it by the Plan, Plaintiff's reliance on *Otero* and *Nichols* is inapposite.

In sum, Plaintiff has not shown that any exception applies to the rule that arbitrary and capricious is the appropriate standard of review to apply when a claims administrator has discretion under the Plan. Here, the Plan documents show that Liberty Life was vested with the discretionary authority to determine LTD claims under the Plan and, in fact, exercised that discretion in denying Plaintiff's claim for LTD benefits. (*See* AR at 802, 843, 846). Because Liberty Life, as the claims administrator, had discretion under the plan and exercised it, the arbitrary and capricious standard of review applies in this action. *See HCA Health Servs.*, 240 F.3d at 993; *Firestone*, 489 U.S. at 115.

Notwithstanding this conclusion, the Court may review Parker Hannifin's influence in denying Plaintiff's requested extension of time, among all other relevant facts and factors, in determining whether the decision to deny Plaintiff's claim for LTD benefits was arbitrary and capricious. Nevertheless, the Court will address this issue when it resolves the parties' pending Motions for Judgment on the Record (Docs. 41, 44).

## CONCLUSION

Accordingly, for the reasons articulated above, the Court hereby **ORDERS** that:

1) Defendant Liberty Life Assurance Company of Boston's Motion to Determine the Appropriate Standard of Review (Doc. 23) is **GRANTED**.

2) Plaintiff's Motion to Determine the Appropriate Standard of Review (Doc. 24) is **DENIED**.

3) Arbitrary and capricious is the appropriate standard of review to apply in this action to review the denial of Plaintiff's long-term disability benefits.

**DONE AND ORDERED** in Fort Myers, Florida on February 22, 2018.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties