UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROBERT APPLEGATE,

    Plaintiff,

v.                                      Case No: 2:17-cv-130-FtM-99MRM

LIBERTY LIFE ASSURANCE
COMPANY OF BOSTON and
PARKER HANNIFIN
CORPORATION,

    Defendants.
_____/

### **OPINION AND ORDER**[1]

This matter comes before the Court on United States Magistrate Judge Mac R. McCoy's Report and Recommendation (Doc. 48) entered on July 24, 2018. Judge McCoy recommends granting Defendants Liberty Life Assurance Company of Boston and Parker Hannifin Corporation's Motion for Judgment on the Record (Doc. 41) and denying Plaintiff Robert Applegate's Motion for Judgment on the Record (Doc. 44). Plaintiff objected to the Report and Recommendation (Doc. 49) to which Defendants responded (Doc. 50). For the reasons set forth below, the Court accepts and adopts the Report and Recommendation and enters judgment in favor of Defendants.

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

## BACKGROUND

In this ERISA[2] case, Plaintiff challenges Defendants' termination of his long-term disability (LTD) benefits. In the parties' cross-motions for judgment on the record, Defendants claim that Plaintiff failed to exhaust his administrative remedies and, further, that the decision to terminate Plaintiff's LTD benefits was correct and reasonably supported by substantial evidence of record. Plaintiff disagrees.

The background of this case, including Plaintiff's claim history, is detailed in the Report and Recommendation, which the Court adopts. (Doc. 48, Sec. I). Briefly, after suffering from low back pain that gradually worsened, Plaintiff applied for and received LTD benefits from March 28, 2013 until March 27, 2015 from a group plan issued by Liberty Life and sponsored by Parker Hannifin, Plaintiff's employer.

The plan documents provided that during the first two years of LTD benefits, Plaintiff is considered disabled if he is unable to perform each of the material duties of his own occupation as an Inspector Technician for Parker Hannifin. After receiving benefits for 24 months, Plaintiff would be considered disabled if he is unable to perform his own occupation or any occupation for which he was reasonably qualified. In conducting its in-house review of Plaintiff's eligibility for benefits, Liberty Life determined that Plaintiff was no longer eligible for LTD benefits, referring Plaintiff's file to an independent physician review and a Vocational Specialist. Liberty Life issued its final determination to Plaintiff via letter dated February 11, 2015.

The plan documents allowed Plaintiff 180-days to request review of the denial, which Plaintiff's counsel did via letter dated August 6, 2015, and submitted additional

---

[2] The Employee Retirement Income Security Act, 29 U.S.C. 1001 *et seq.*

evidence for Defendants' consideration. After its review, on November 5, 2015, Liberty Life maintained its decision. The November 5, 2015 letter set forth procedures for review of the denial if Plaintiff disagreed with the decision, stating: "If Mr. Applegate disagrees with this denial, he may make a written request to Liberty Life Assurance Company of Boston. He may submit any additional information or comments he deems pertinent for review. All requests must be made in writing within 60 days of the date of this letter." (AR 82).[3]

On the sixtieth day (January 4, 2016), Plaintiff's counsel sent a letter via fax to Liberty Life, which it claims was a request for review. (AR 63-64). The fax cover sheet was addressed to "ATTN: Appeal Review Unit" and stated: "ENCLOSED: Letter requesting additional 10 days to submit evidence from Richard Hood, M.D., in support of the appeal." (*Id.* at 63). The letter stated: "This letter is in response to your denial letter dated November 5, 2015. The letter provides that additional information pertinent to review maybe [*sic*] submitted within 60 days of the denial letter. I would like to request [an] additional 10 days to submit additional evidence from Mr. Applegate's treating physician, Richard Hood, M.D." (*Id.* at 64). Defendants denied the extension by letter dated January 13, 2016. (*Id.* at 47). Plaintiff sent a second request for an extension on January 14, 2016 (*id.* at 49), which Defendants denied (*id.* at 45). Nevertheless, Plaintiff sent a letter to Liberty Life on January 29, 2016, attaching a medical opinion from Dr. Hood, requesting that Liberty Life "reopen and reconsider Mr. Applegate's claim in light of the evidence provided by Dr. Hood." (*Id.*)

---

[3] The sealed Administrative Record (AR) was filed with the Court at Doc. 22. When citing to the Administrative Record the Court will use "AR" then the page number.

Liberty Life denied the request stating: "Mr. Applegate has failed to properly exhaust his administrative right of appeal. Therefore, Liberty is unable to accept or review any additional documentation with regard to his claim. His claim will remain closed and no further review will be conducted by Liberty Life Assurance Company of Boston." (AR 35). This lawsuit followed.

## LEGAL STANDARD

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify the magistrate judge's report and recommendation. *See* 28 U.S.C. § 636(b)(1); *see also Williams v. Wainwright*, 681 F.2d 732 (11th Cir. 1982). When a party makes specific objections to a magistrate judge's report, the district court engages in a *de novo* review of the issues raised. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). In the absence of specific objections, there is no requirement that a district judge review factual findings *de novo*, *Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir. 1993), and the court may accept, reject, or modify, in whole or in part, the findings and recommendations. 28 U.S.C. § 636(b)(1)(C). The district judge reviews legal conclusions *de novo*, even in the absence of an objection. *See Cooper-Houston v. Southern Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994).

## DISCUSSION

As an initial matter, Defendants argue that because Plaintiff's Objections offer largely conclusory and general objections rather than specific legal grounds for rejecting the Magistrate Judge's findings and conclusions, the Court should use a clear error rather than a *de novo* standard of review, citing Fed. R. Civ. P. 72. *See Leatherwood v. Anna's Linen Co.*, 384 F. App'x 853, 957 (11th Cir. 2010). Although the Court agrees that Plaintiff

generally only offers non-specific objections that were already raised before the Magistrate Judge, the Court will nevertheless conduct a *de novo* review to evaluate Plaintiff's challenges to the Report and Recommendation.

### A. Exhaustion and Exceptional Circumstances

It is undisputed in the Eleventh Circuit that a party is required to exhaust his or her administrative remedies prior to filing suit in federal court, absent exceptional circumstances. *Lanfear v. Home Depot, Inc.*, 536 F.3d 1217, 1223 (11th Cir. 2008). Judge McCoy found that Plaintiff had failed to exhaust his administrative remedies because he did not request a timely review of the November 5, 2015 denial of benefits and that no exceptional circumstances exist to excuse the exhaustion requirement in this case. After a review of the case law, Judge McCoy determined that the issue is not whether an attorney's letter may serve to initiate an appeal or review (because it may as evidenced by Plaintiff counsel's August 6, 2015 letter requesting review), but rather whether the content of Plaintiff's January 4, 2016 fax and letter were sufficient to initiate a review. (Doc. 48, p. 18). After reviewing the entirety of the contents of the letter, Judge McCoy found that the document did not affirmatively state that Plaintiff was requesting review or an appeal of the administrative decision. (*Id.* at 18-19). Judge McCoy also noted that the letter contained no factual or legal arguments and included no evidence in support of a review. (*Id.* at 19). Thus, Judge McCoy found at the time of the January 4, 2016 letter, Liberty Life had no actual request for a review or an appeal from the Plaintiff, and Liberty Life had nothing more to consider on review beyond what it had already reviewed. (*Id.*)

5

Judge McCoy drilled down even further, finding that the language in the fax cover sheet and letter taken together were insufficient to initiate an administrative review because while they may have suggested a *future intention* to file a request for review or appeal upon Plaintiff's receipt of additional evidence, the letter does not "facially purport to initiate or otherwise constitute the initiation of a review or appeal." (Doc. 48, p. 19). Judge McCoy noted the "stark contrast" between Plaintiff counsel's detailed and supported August 6, 2015 initial review request and the January 4, 2016 fax and letter. (*Id.*) Judge McCoy also found that Plaintiff counsel's January 14, 2016 letter – although sent outside the sixty-day time period – does not contain language specifically requesting a review or an appeal of the November 5, 2015 denial, and contains no argument why Liberty Life's November 5, 2015 decision should be reviewed. (*Id.* at 19-20).

In conclusion, Judge McCoy noted that Plaintiff counsel's final letter dated January 29, 2016 attached additional evidence from Dr. Hood and asked that Liberty Life "reopen and reconsider Mr. Applegate's claim in light of the evidence provided by Dr. Hood." (Doc. 48, p. 20). Judge McCoy found that unlike Plaintiff counsel's prior two letters, this letter constituted a request for review, but was well past the sixty-day time period for review. (*Id.*)

With regard to exceptional circumstances that could excuse the exhaustion requirement, Judge McCoy found that although Liberty Life technically did not comply with ERISA regulations to provide a claimant at least 60 days following receipt of a notification to appeal that determination, 29 C.F.R. § 2560.503-1(h)(2)(i), the law is settled in the Eleventh Circuit that "the exhaustion requirement for ERISA claims should not be excused for technical violations of ERISA regulations that do not deny plaintiffs

6

meaningful access to an administrative remedy procedure through which they may receive an adequate remedy." (Doc. 48, p. 22) (citing *Perrino v. Southern Bell Telephone & Telegraph Co.*, 209 F.3d 1309, 1317 (11th Cir. 2000)). In this case, Judge McCoy found that Plaintiff did not show that the technical error regarding the time to request a review denied Plaintiff meaningful access to the administrative process because the January 4 and 14, 2016 letters were insufficient to initiate review, and the January 29, 2016 letter was far outside the sixty-day window. Judge McCoy also rejected Plaintiff's argument that Defendants' procedure requiring sixty days to submit evidence without allowing extensions of time is unreasonable. (Doc. 48, p. 23).

Plaintiff objects to Judge McCoy's conclusion that the January 4, 2016 fax cover sheet and letter represent a *future intention* to file a request for review or appeal, arguing that the context indicates that these submissions were "reasonably calculated to serve as an appeal" because they were sent on the sixtieth day after which time an appeal would have been untimely, and implies at a minimum that counsel was asking for additional time to file the appeal. (Doc. 49, pp. 1-2). Plaintiff also points out that the fax cover sheet stated that he was requesting additional time to submit evidence from Dr. Hood "in support of the appeal." (AR 63). In so arguing, Plaintiff points to Defendants' internal email, stating that the January 4, 2016 letter is an "appeal extension." (*Id.* at 61).

After an independent review, the Court finds that substantial evidence supports the finding that Plaintiff failed to exhaust his administrative remedies and that exceptional circumstances are not present to excuse his failure. Plaintiff's Objections are little more than a reiteration of the arguments made in its initial Motion and provide no factual or legal arguments that were not presented to the Magistrate Judge. Even so, after an

independent *de novo* review, the Court agrees that Plaintiff failed to exhaust his administrative remedies. The objections are overruled.

Because the Court has determined that Plaintiff failed to exhaust his administrative remedies, it could stop its analysis here but will consider Plaintiff's remaining Objections to the Report and Recommendation.

### B. Improper Vocational Analysis

Plaintiff next argues that Liberty Life's determination is *de novo* wrong and arbitrary and capricious because it did not perform a proper vocational analysis. Specifically, Plaintiff asserts that the vocational expert's evaluation that Liberty Life did not consider additional limitations on Plaintiff's abilities as recognized by Dr. Grattan's Peer Review report. Plaintiff also argues that Liberty Life did not articulate the reason for its LTD denial with the level of specificity required by 29 C.F.R. § 2560.503-1(g)(1)(i).

Judge McCoy found that Liberty Life did seek an updated vocational report that took into account the limitations imposed by Dr. Grattan when it employed vocational expert Jason Miller, who stated that "[b]ased on the capacities outlined by Dr. Grattan, all of the previously-identified occupations remain viable." (AR 4). Judge McCoy also found that prior to Plaintiff's assertions, Mr. Miller did consider Plaintiff's need for an assistive device to ambulate as noted by Dr. Grattan. Because Liberty Life properly weighed the evidence in the administrative record, including the opinions of the vocational experts, Judge McCoy found that Liberty Life was not *de novo* wrong in its conclusion that Plaintiff could perform the jobs listed in the November 5, 2015 letter. (Doc. 48, pp. 29-30). Judge McCoy also found that Liberty Life's decision to terminate Plaintiff's LTD benefits and rely

on the decision of Mr. Miller – after he reviewed Dr. Grattan's Peer Review report – was reasonable and not arbitrary and capricious. (*Id.*, pp. 31-32).

Plaintiff objects, arguing that Defendants' decision was *de novo* wrong and arbitrary and capricious because Defendants did not properly assess the Plaintiff's ability to perform work in light of Dr. Grattan's limitations and Mr. Miller failed to provide any underlying analysis or reasoning for his conclusions.

After an independent review, the Court finds that substantial evidence supports Defendants' vocational analysis. Liberty Life's November 5, 2017 letter contained an in-depth review of Plaintiff's claim, acknowledging the additional restrictions Dr. Grattan's review imposed on Plaintiff, including Dr. Grattan's conclusion that Plaintiff was capable of maintaining full-time employment. (AR 78-82). The objections are overruled.

### C. Conflict of Interest

Plaintiff objects that a conflict of interest existed between Liberty Life (the plan administrator) and Parker Hannifin (the entity responsible for paying LTD benefits), which improperly influenced Liberty Life's decision to review Plaintiff's claim, deny Plaintiff's request for an extension of time, and ultimately deny Plaintiff LTD benefits. Plaintiff asserts that the record shows that Liberty Life had to ask Parker Hannifin for permission to consider relevant evidence in this case and Parker Hannifin had a reason to deny such requests in order to avoid paying benefits.

Judge McCoy found that Liberty Life considered and weighed the evidence of record and based its denial on the evidence, even assuming, *arguendo*, that a conflict of interest existed. (Doc. 48, pp. 32-33). Accordingly, Judge McCoy found that Liberty Life

based its November 5, 2015 denial of LTD benefits on reasonable grounds and was not arbitrary and capricious.  (*Id.* at 33).

The Court notes that the burden remains with Plaintiff to show that the decision was arbitrary and it is not the administrator's burden to prove that its decision "was not tainted by self-interest."  *Ness v. Aetna Life Ins. Co.*, 257 F. Supp. 3d 1280, 1288 (M.D. Fla. 2017).  After an independent *de novo* review, the Court finds that substantial evidence supports the finding that Plaintiff did not meet his burden.  Plaintiff's Objections are little more than a reiteration of the arguments made in his initial Motion and provide no factual or legal argument that were not presented to the Magistrate Judge.  The objections are overruled.

Accordingly, it is now

**ORDERED:**

(1)    Plaintiff's Objections to the United States Magistrate Judge's Report and Recommendation (Doc. 49) are **OVERRULED**.

(2)    United States Magistrate Judge Mac R. McCoy's Report and Recommendation (Doc. 48) is **ACCEPTED and ADOPTED** and its findings incorporated herein.

(3)    Defendants Liberty Life Assurance Company of Boston and Parker Hannifin Corporation's Motion for Final Judgment on the Administrative Record (Doc. 41) is **GRANTED** and Plaintiff Robert Applegate's Motion for Judgment on the Record (Doc. 44) is **DENIED**.

(4)    The Clerk is **DIRECTED** to enter judgment in favor of Defendants and against Plaintiff, terminate all pending deadlines, and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida this 28th day of August, 2018.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record